JOHN TUBIOLO AND WIFE, VICKIE TUBIOLO, PLAINTIFFS v. ABUNDANT LIFE CHURCH, INC., DEFENDANT

No. COA03-471

(Filed 7 December 2004)

**1. Churches and Religion— termination of membership—core ecclesiastical matter—no judicial involvement**

The trial court should have dismissed an action against a church for terminating plaintiffs' membership on inaccurate grounds. Membership in a church is a matter in which the courts should not be involved whether the church is congregational or hierarchical, incorporated or unincorporated.

**2. Churches and Religion— adoption of bylaws—within court's jurisdiction**

The trial court correctly denied a motion to dismiss an action against a church claiming that the people terminating plaintiffs' membership were without authority to do so under bylaws which plaintiffs contest. Plaintiffs' membership in the church is in the nature of a property interest, that interest is directly implicated, and the narrow issue of whether the bylaws were properly adopted can be addressed without resolving ecclesiastical matters.

**3. Churches and Religion— termination of membership—nonprofit corporation statutes—constitutional provisions**

The trial court should have dismissed plaintiffs' action against a church asserting that their membership was terminated in violation of statutory provisions concerning nonprofit corporations. A church's criteria for membership and the manner in which membership is terminated are core ecclesiastical

matters protected by the constitutions of the United States and North Carolina.

**4. Churches and Religion— request for inspection of records and annual meeting—standing as members—proper adoption of bylaws**

On remand, plaintiffs' standing to pursue claims against their former church for orders allowing inspection of records and for an annual meeting are dependent on whether they were members at the time the suit was filed. If the court determines that disputed bylaws were properly adopted, then the courts have no jurisdiction over the termination of plaintiffs' membership and plaintiffs would lack standing to pursue these claims.

Appeal by defendant from order entered 3 February 2003 by Judge Kenneth C. Titus in Orange County Superior Court. Heard in the Court of Appeals 28 January 2004.

*Harriss & Marion, P.L.L.C., by Joseph W. Marion, for plaintiff-appellees.*

*Crews & Klein, P.C., by Paul I. Klein and Katherine Freeman, for defendant-appellant.*

STEELMAN, Judge.

Abundant Life Church, Inc. (defendant), is a corporation, organized and existing under the provisions of Chapter 55A of the North Carolina General Statutes (North Carolina Nonprofit Corporation Act). Defendant was incorporated on 8 September 1982. Both plaintiffs were founding members of the defendant. Plaintiff, John Tubiolo, was one of the incorporators and an initial director of the defendant. For a period of nearly two years prior to 5 September 2002, plaintiffs had disputes with the pastor and leadership of the church. Plaintiffs contend that the disputes arose out of the improper handling of finances by defendant. Defendant contends that plaintiffs were in "open rebellion" against the church leadership, and persistently engaged in conduct detrimental to the body of the church. On 22 August 2002, plaintiffs, through counsel, demanded copies of certain financial records of the church. By letter dated 5 September 2002, defendant's Church Council terminated plaintiffs' membership based upon scriptural discipline. The letter set forth six separate bases for the termination, and recited efforts made by the church leadership to reconcile with the plaintiffs.

Following receipt of the letter terminating their membership in defendant, plaintiffs filed this action on 8 October 2002. Their complaint sought the following relief: (1) a preliminary and permanent injunction enjoining defendant from terminating their membership; (2) a court order directing defendant to allow plaintiffs to inspect certain records of defendant; (3) a court order directing defendant to conduct an annual meeting after reasonable notice to all members.

Defendant moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. In the alternative, defendant moved for summary judgment under Rule 56 of the Rules of Civil Procedure, and filed affidavits in support of this motion. Plaintiffs filed affidavits in opposition to the motion for summary judgment.

By order dated 3 February 2003, Judge Titus denied defendant's motion to dismiss and deferred ruling upon defendant's motion for summary judgment pending completion of discovery. The order specifically found that it "affects a substantial right of the Defendant and that there is no just reason to delay an appeal therefrom" pursuant to the provisions of Rule 54(b) of the Rules of Civil Procedure. From the entry of this order, defendant appeals.

In its first assignment of error, defendant asserts that the trial court erred in not granting its motion to dismiss. We agree, in part.

The gravamen of defendant's argument, made both before the trial court and this Court, is that the courts of this state should not become involved in matters of church membership and church discipline under the provisions of the First Amendment to the Constitution of the United States of America and section 13 of Article I of the Constitution of the State of North Carolina.

Based upon this theory, defendant's motion would have been more properly made under Rule 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction. See *Emory v. Jackson Chapel First Missionary Baptist Church*, 165 N.C. App. 489, 598 S.E.2d 667 (2004). "[Q]uestions of subject matter jurisdiction may properly be raised at any point, even in the Supreme Court." *Forsyth County Bd. of Social Services v. Division of Social Services*, 317 N.C. 689, 692, 346 S.E.2d 414, 416 (1986) (citations omitted). In *Williams v. New Hanover County Bd. of Educ.*, 104 N.C. App. 425, 428, 409 S.E.2d 753, 755 (1991) (*quoting Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981)), this Court held that a "motion is prop-

**TUBIOLO v. ABUNDANT LIFE CHURCH, INC.**

[167 N.C. App. 324 (2004)]

erly treated according to its substance rather than its label," and treated defendant's motion as one under Rule 12(b)(1) rather than Rule 12(b)(6). In the instant case, we treat defendant's motion to dismiss as one made under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction.

The appropriate standard of review in this case is *de novo*. *Emory*, 165 N.C. App. at 491, 598 S.E.2d at 669. In considering a motion to dismiss for lack of subject matter jurisdiction, it is appropriate for the court to consider and weigh matters outside of the pleadings. *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978).

Plaintiffs' complaint asserts three bases for their claim that defendant improperly terminated their membership: (1) the grounds stated in the termination letter were not accurate; (2) the persons purporting to terminate their membership were without authority to take that action; and (3) the termination was not conducted in a fair and reasonable manner and in good faith as required by N.C. Gen. Stat. § 55A-6-31(a).

**[1]** The courts cannot become entangled in ecclesiastical matters of a church.

> The courts of the State have no jurisdiction over and no concern with purely ecclesiastical questions and controversies. . . . [T]he courts do have jurisdiction as to civic, contract and property rights which are involved in or arise from a church controversy, including the right to determine the type organization of a particular church.

*Braswell v. Purser*, 282 N.C. 388, 393, 193 S.E.2d 90, 93 (1972). Our courts have defined an ecclesiastical matter as:

> "one which concerns doctrine, creed, or form of worship of the church, or the adoption and enforcement within a religious association of needful laws and regulations for the government of membership, and the power of excluding from such associations those deemed unworthy of membership by the legally constituted authorities of the church; and all such matters are within the province of church courts and their decisions will be respected by civil tribunals."

*Eastern Conference of Original Free Will Baptists v. Piner*, 267 N.C. 74, 77, 147 S.E.2d 581, 583 (1966), *overruled in part on different*

grounds by *Atkins v. Walker*, 284 N.C. 306, 200 S.E.2d 641 (1973) (quoting *Western Conference of Original Free Will Baptists v. Miles*, 259 N.C. 1, 10-11, 129 S.E.2d 600, 606 (1963).

Membership in a church is a core ecclesiastical matter. The power to control church membership is ultimately the power to control the church. It is an area where the courts of this State should not become involved. This stricture applies regardless of whether the church is a congregational church, incorporated or unincorporated, or an hierarchical church.

> The prohibition on judicial cognizance of ecclesiastical disputes is founded upon both establishment and free exercise clause concerns. By adjudicating religious disputes, civil courts risk affecting associational conduct and thereby chilling the free exercise of religious beliefs. Moreover, by entering into a religious controversy and putting the enforcement power of the state behind a particular religious faction, a civil court risks "establishing" a religion.

*Crowder v. Southern Baptist Convention*, 828 F.2d 718, 721 (11th Cir. 1987).

As to the first basis for challenging the termination of their membership, that the grounds for termination are inaccurate, plaintiffs acknowledge in their brief that:

> Plaintiffs do not suggest that the trial court has the authority to examine or decide whether the *grounds* set forth in the purported termination letter were accurate or whether such grounds were legally sufficient to cause Plaintiffs' membership to be terminated. (emphasis in original).

The Courts will not become involved in determining whether grounds for termination of church membership are doctrinally or scripturally correct. The trial court erred, and should have dismissed this as a basis for plaintiffs' claim that their membership was improperly terminated.

[2] The second basis for plaintiffs' assertion that their membership was improperly terminated was that the persons purporting to terminate their membership were without authority to take that action. Attached to plaintiffs' complaint was a copy of what appears to be a portion of the defendant's bylaws. Article IV is entitled "Membership", and section 3 provides:

**TUBIOLO v. ABUNDANT LIFE CHURCH, INC.**

[167 N.C. App. 324 (2004)]

> The members shall seek to live exemplary Christian lives so as to bring honor to Christ and uphold the witness of the church. Should the need for church discipline arise among the membership, the Senior Pastor and the Church Council shall be responsible for administering such discipline, up to and including dismissal from membership.

The letter dismissing the plaintiffs from the membership of defendant, dated 5 September 2002, purports to be from the Church Council. Plaintiffs' complaint asserts that no bylaws were ever adopted by the defendant, and that the signatories of the 5 September 2002 letter were without authority to sign the letter. While the Courts can under no circumstance referee ecclesiastical disputes, they can adjudicate "property disputes", provided that this can be done without resolving underlying controversies over religious doctrine. *Atkins v. Walker,* 284 N.C. 306, 316-17, 200 S.E.2d 641, 648 (1973); *citing Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 393 U.S. 440, 21 L. Ed. 2d 658 (1969).

We hold that the plaintiffs' membership in the defendant is in the nature of a property interest, and that the courts do have jurisdiction over the very narrow issue of whether the bylaws were properly adopted by the defendant. *See Bouldin v. Alexander,* 82 U.S. 131, 139-140, 21 L. Ed. 69, 71-72 (1872) ("we cannot decide who ought to be members of the church, nor whether the excommunicated have been regularly or irregularly cut off. . . . But we may inquire whether the resolution of expulsion was the act of the church, or of persons who were not the church and who consequently had no right to excommunicate others."). This inquiry can be made without resolving any ecclesiastical or doctrinal matters. In so holding we find the facts of this case to be distinguishable from those in our recent opinion of *Emory v. Jackson Chapel First Missionary Baptist Church,* 165 N.C. App. 489, 598 S.E.2d 667 (2004). In *Emory,* the issue was a change in the form of governance of the church, from an unincorporated association to a corporation. No membership rights were implicated in this change. Thus, in *Emory,* we held that the controversy only bore a "tangential relationship to property rights." In this case, we hold that the plaintiffs' membership rights were directly implicated. We thus affirm the trial court's denial of the defendant's motion to dismiss as to the second basis of plaintiffs' first claim.

[3] The third basis for plaintiffs' assertion that their membership was improperly terminated was that the purported termination was in vio-

lation of the provisions of N.C. Gen. Stat. § 55A-6-31(a). This provision deals with the termination, expulsion, and suspension of members of a nonprofit corporation existing under the provisions of Chapter 55A, and reads as follows:

> (a) No member of a corporation may be expelled or suspended, and no membership may be terminated or suspended, except in a manner that is fair and reasonable and is carried out in good faith.

The fact that defendant is a corporation under Chapter 55A does not alter our analysis of whether the courts of this state have jurisdiction in ecclesiastical disputes. Plaintiffs would have the courts direct that churches cannot terminate membership without following certain due process procedures including notice and an opportunity to be heard. This we refuse to do. A church's criteria for membership and the manner in which membership is terminated are core ecclesiastical matters protected by the First and Fourteenth Amendments of the United States Constitution and section 13 of Article I of the Constitution of the State of North Carolina. The trial court erred and should have dismissed this as a basis for plaintiffs' claim that their membership was improperly terminated.

[4] As to the plaintiffs' remaining claims seeking an order allowing plaintiffs to inspect certain records of defendant, and seeking an order directing defendant to conduct an annual meeting, these claims are dependent upon plaintiffs being members of defendant at the time of the filing of this lawsuit. If the trial court determines that the bylaws were duly adopted, then the courts have no jurisdiction over the termination of the plaintiffs' membership in defendant. Since the termination occurred prior to the filing of this action, plaintiffs would lack standing to pursue these two claims against the defendant, and the trial court should dismiss plaintiffs' action.

This matter is remanded to the trial court for further proceedings consistent herewith.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

Chief Judge MARTIN and Judge GEER concur.