TYSON, Judge.
*660 Barry and Kim Lippard ("Plaintiffs") appeal from an order dismissing their lawsuit against Diamond Hill Baptist Church ("Defendant"). We affirm.
I. Background
Plaintiffs filed a complaint for declaratory judgment against Defendant on 8 December 2016, to seek a judicial declaration of whether they remained active members of Defendant-church. Plaintiffs alleged they had been members of the church for thirty-five years. In 2013, Plaintiffs filed a complaint against Defendant, the senior minister of the church, and the minister of music, alleging they had defamed Plaintiffs to the other members of the church community. Lippard v. Holleman , --- N.C. App. ----, 798 S.E.2d 812, 2017 WL 1629377 at *1 (unpublished), appeal dismissed , 370 N.C. 70, 803 S.E.2d 625 (2017). While those claims were still active, Plaintiffs filed a second action with almost identical issues and facts in 2015. Id. at *2.
*661 Subsequent to the filing of the 2013 complaint, Defendant claimed a vote was taken and Plaintiffs were removed as members of the church. Plaintiffs assert no votes were ever taken, and Defendant did not comply with the church constitution and bylaws in attempting to remove Plaintiffs as members. Plaintiffs also claim they were never informed of their removal as members in writing, nor were they given an opportunity to address the church community concerning their removal.
In answer to an interrogatory from the 2015 complaint, a church member stated a vote had been taken during a meeting held on 22 December 2013, wherein the members unanimously voted to remove Plaintiffs from church membership. Plaintiffs sought documentation of the alleged vote.
Defendant filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and 12(b)(6) on 30 March 2017. After a hearing *248 on Defendant's motion, the trial court filed a written order to dismiss Plaintiffs' claim. The court cited its lack of subject matter jurisdiction because Plaintiffs' status of membership in the church was a "core ecclesiastical matter." Plaintiffs timely appealed.
II. Jurisdiction
An appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2017).
III. Issues
Plaintiffs assert their status of membership in the church is not a core ecclesiastical matter and argue the trial court erred by granting Defendant's motion to dismiss.
IV. Standard of Review
When considering a Rule 12(b)(1) motion to dismiss, a trial court "need not confine" its inquiry to the pleadings, but "may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." Smith v. Privette , 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998) (citation omitted). "If the evaluation is confined to the pleadings, the court must accept the plaintiff's allegations as true, construing them most favorably to the plaintiff." Id.
"We review a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 of the North Carolina Rules of Civil Procedure de novo. " Burgess v. Burgess , 205 N.C. App. 325, 327, 698 S.E.2d 666, 668 (2010).
*662 V. Analysis
Courts should not and may not become entangled in purely ecclesiastical matters involving a church, but can resolve civil law matters which may arise from a church controversy. Tubiolo v. Abundant Life Church, Inc. , 167 N.C. App. 324, 327, 605 S.E.2d 161, 163 (2004). Ecclesiastical matters include those
which concern[ ] doctrine, creed, or form of worship of the church, or the adoption and enforcement within a religious association of needful laws and regulations for the government of membership, and the power of excluding from such associations those deemed unworthy of membership by the legally constituted authorities of the church[.]
Id. (emphasis supplied) (citation omitted).
To determine whether an issue is an ecclesiastical matter, "[t]he dispositive question is whether resolution of the legal claim requires the court to interpret or weigh church doctrine." Privette , 128 N.C. App. at 494, 495 S.E.2d at 398. If the inquiry does not involve such interpretation, then neutral principles of civil law may be applied to resolve the issue. Id.
This Court has previously held "[m]embership in a church is a core ecclesiastical matter." Tubiolo , 167 N.C. App. at 328, 605 S.E.2d at 164. Plaintiffs point to a later section of Tubiolo , identifying church membership as a property interest, which gives the courts some jurisdiction over the issue. Id. at 329, 605 S.E.2d at 164. This Court noted the limits of this holding: "courts do have jurisdiction over the very narrow issue of whether the bylaws were properly adopted by the [church]." Id. at 329, 605 S.E.2d at 164.
Plaintiffs do not argue whether or not the bylaws were properly adopted. Instead, they assert the requirements of the bylaws were not followed by Defendant. Plaintiffs attached the relevant sections of the bylaws to their complaint:
Section V-Termination of Membership
Members shall be terminated in the following ways:
...
(3) Exclusion by action of the church
...
*663 Section VI-Discipline
...
Should some serious condition exist which would cause a member to be a liability to the general welfare of the church, the pastor and the deacons will take every reasonable measure to resolve the problem in accord with Matthew 18. If it becomes necessary for the church to take action to exclude a member, a three-fourths (3/4) secret vote of the members present is required; and the church may proceed to declare the person to be no longer in the membership of the church. A spirit of *249 Christian kindness and forbearance shall pervade all such proceedings.
Plaintiffs argue no vote was taken, they were never provided written notice of their removal, nor were they provided an opportunity to address the other members of the church to discuss their removal. The bylaws specifically call for "a three-fourths (3/4) secret vote" and do not provide for or require prior notice, an opportunity for the affected member to be heard, or a written notification of removal. Plaintiffs admit they were informed of the vote to exclude and their subsequent removal.
Plaintiffs also assert "[t]hat at no time did [they] take any action to have themselves removed from church membership." A determination of this issue would fall squarely within ecclesiastical matters beyond the jurisdiction of the courts. See Azige v. Holy Trinity Ethiopian Orthodox Tewahdo Church , --- N.C. App. ----, ----, 790 S.E.2d 570, 575 (2016) ("The courts cannot determine the 'immoral behavior' of plaintiffs for purposes of the bylaws nor can the courts evaluate whether a particular transaction serves the needs of the membership of this church without involvement in ecclesiastical matters."). "[W]e cannot decide who ought to be members of the church, nor whether the excommunicated have been regularly or irregularly cut off." Bouldin v. Alexander , 82 U.S. (15 Wall.) 131, 139-40, 21 L.Ed. 69, 71 (1872).
VI. Conclusion
Plaintiff's allegations center around ecclesiastical matters, specifically "the adoption and enforcement within a religious association of needful laws and regulations for the government of membership, and the power of excluding from such associations those deemed unworthy of membership by the legally constituted authorities of the church." Tubiolo , 167 N.C. App. at 327, 605 S.E.2d at 163. We cannot apply neutral principles of law without delving into ecclesiastical matters to determine whether or not Plaintiffs were properly removed from the church *664 membership. See Harris v. Matthews , 361 N.C. 265, 273, 643 S.E.2d 566, 571 (2007).
"When a party brings a proper complaint ... the courts will inquire as whether the church tribunal acted within the scope of its authority and observed its own organic forms and rules. But when a party challenges church actions involving religious doctrine and practice, court intervention is constitutionally forbidden." Id. at 274-75, 643 S.E.2d at 572 (citation and internal quotation marks omitted).
Civil courts cannot become entangled with deciding what action may or may not have justified Plaintiffs' removal from church membership, and further inquiry by this Court into the matter is barred. Id. ; Bouldin , 82 U.S. (15 Wall.) at 139-40 ("we cannot decide who ought to be members of the church, nor whether the excommunicated have been regularly or irregularly cut off").
The trial court properly granted Defendant's motion to dismiss. The judgment appealed from is affirmed. It is so ordered.
AFFIRMED.
Judges INMAN and BERGER concur.