IN RE LICENSE OF MARK T. DELK

No. 9030SC1024

(Filed 6 August 1991)

**Courts § 46 (NCI4th) — special session — show cause order — entered before commission — invalid**

    An order disbarring respondent was vacated where Judge Hyatt was commissioned on 1 May 1990 to hold a one-day session of Superior Court in Graham County on 25 May; on 3 May Judge Hyatt ordered respondent-attorney to appear in Graham County Superior Court on 25 May to show cause why he should not be disciplined for criminal offenses for which he had been convicted; and Judge Hyatt disbarred respondent following a hearing on 25 May. The show cause order cannot satisfy the due process requirement of notice because the court did not have jurisdiction to enter that order at the time it was issued. N.C.G.S. § 7A-46.

    **Am Jur 2d, Attorneys at Law § 29; Courts §§ 29, 49, 97; Motions, Rules and Orders §§ 31, 34.**

APPEAL by respondent from order of disbarment entered 25 May 1990 by *Judge J. Marlene Hyatt* in GRAHAM County Superior Court. Heard in the Court of Appeals 10 April 1991.

On 15 June 1989 in Graham County Superior Court, a jury found respondent, a licensed, practicing attorney, guilty of one

felony count of extortion and one felony count of conspiracy. The court sentenced respondent to four years in prison, but entered no order of professional discipline at that time. Respondent entered notice of appeal and began serving his active prison term. He was paroled on 2 February 1990 and later opened a law office in Brevard.

On 3 May 1990 Judge Hyatt ordered respondent to appear in Graham County Superior Court on 25 May 1990 to show cause why he should not be disciplined for the offenses for which he was convicted. At that time Judge Hyatt was not assigned to Graham County. However, on 1 May 1990 the Chief Justice commissioned Judge Hyatt to hold a one-day mixed civil-criminal session of Superior Court in Graham County on 25 May 1990. Following a hearing on 25 May 1990, Judge Hyatt disbarred respondent. Respondent appeals.

*Mark T. Delk, respondent-appellant, pro se.*

*A. Root Edmonson for the North Carolina State Bar.*

EAGLES, Judge.

Respondent first contends that the superior court was without jurisdiction on 3 May 1990 to enter the show cause order. We agree and accordingly vacate the trial court's order of disbarment.

G.S. 7A-46 provides:

> Whenever it appears to the Chief Justice of the Supreme Court that there is a need for a special session of superior court in any county, he may order a special session in that county, and order any regular, special, or emergency judge to hold such session. . . . Special sessions have all the jurisdiction and powers that regular sessions have.

We also note the following:

> [J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested.

*State v. Humphrey*, 186 N.C. 533, 535, 120 S.E. 85, 87 (1923). "[T]his rule has been stated in various forms, and it has been consistently applied in both criminal and civil cases." *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984).

Here, the Chief Justice issued a commission for Judge Hyatt to hold a special session of Superior Court for Graham County "to begin May 25, 1990 and continue one day, or until the business is disposed of." On 3 May 1990 Judge Hyatt issued an order to show cause. At that time, Judge Hyatt was not assigned to Graham County, and the special session did not begin until 25 May 1990. Accordingly, we hold that the show cause order was entered out of term and that the court was without jurisdiction to enter the order.

We are not persuaded by the State Bar's argument that no commission was required for the issuance of the show cause order. The Bar argues that the absence of a valid commission was not fatal to the 3 May order and that "[a] commission could not endow Judge Hyatt with authority to issue the Order to Show Cause on May 3, 1990." The Bar relies on the following language from *State v. Eley*, 326 N.C. 759, 764, 392 S.E.2d 394, 397 (1990), to support its position:

> The issuance of a commission by the Chief Justice assigning a superior court judge to preside over a session of superior court does not endow the judge with jurisdiction, power, or authority to act as a superior court judge. The commission so issued merely manifests that such judge has been duly assigned pursuant to our Constitution to preside over such session of court.

We think that this case is distinguishable from *Eley*. There the administrative assistant to the Chief Justice assigned a superior court judge to preside at a special criminal session of the Superior Court of Hertford County. The administrative assistant's records showed that the commission was properly issued but the document was never received in Hertford County by the Clerk of Court, the District Attorney, or the Judge. In *Eley* it was clear that the trial judge had been assigned to preside at a special session of superior court. Here, Judge Hyatt issued the show cause order at a time when clearly she was not assigned to Graham County.

The practice of law is a property right, and a lawyer may not be deprived of that right without due process of law. *In re*

*Burton,* 257 N.C. 534, 126 S.E.2d 581 (1962). Because we hold that at the time the show cause order was issued the court did not have jurisdiction to enter the show cause order, that order is a nullity and cannot satisfy the due process requirement of notice. Accordingly, the order of the Superior Court disbarring appellant is vacated.

Based on this holding, we do not address appellant's remaining assignments of error. For the reasons stated, the order is vacated and the matter is remanded for hearing after proper notice.

Vacated and remanded.

Chief Judge HEDRICK and Judge WELLS concur.