IN RE LICENSE OF MARK T. DELK

No. 9230SC533

(Filed 18 May 1993)

**Attorneys at Law § 67 (NCI4th); Judgments § 36 (NCI4th) — attorney discipline — superior court — show cause orders from another county — disbarment order void**

A disbarment order is void for lack of jurisdiction over respondent attorney where the superior court judge who issued the original show cause order was not assigned to the county where the ordered hearing was to be held; a subsequent order directing that the original show cause order "remain in effect" was invalid because the original order was void *ab initio*; and a third show cause order was void because it was also issued from another county without respondent's consent.

**Am Jur 2d, Attorneys at Law §§ 87, 97-100.**

IN RE DELK

[110 N.C. App. 310 (1993)]

Appeal by respondent from judgment entered 3 February 1992 in Graham County Superior Court by Judge C. Walter Allen. Heard in the Court of Appeals 27 April 1993.

Respondent appeals from an order of disbarment. The facts and procedural history leading up to this appeal are as follows: During the June 1989 term of Graham County Superior Court, respondent Mark T. Delk was convicted by a jury of one felony count of extortion in 88 CRS 438 in violation of N.C. Gen. Stat. § 14-118.4 and one felony count of conspiracy in 88 CRS 439 in violation of N.C. Gen. Stat. § 14-2.4. The court was apprised of the fact that respondent was a practicing attorney yet did not enter an order of professional discipline based upon the convictions. Respondent appealed his convictions to this Court and we found no error in an opinion filed 7 August 1990.

On 24 April 1990, the North Carolina State Bar initiated this action and specifically requested it not be named as a party. At that time respondent's criminal cases were on appeal before this Court. Instead of initiating action in its own forum, the State Bar proceeded in the superior court, requesting Judge J. Marlene Hyatt to sign an order to show cause to initiate a disciplinary hearing. The order was signed and appellant was disbarred on 25 May 1990. We vacated and remanded that order in *In re Delk*, 103 N.C. App. 659, 406 S.E.2d 601 (1991) (hereinafter Delk I).

Upon resolution of Delk I by this Court, the State Bar contacted Judge Hyatt and asked her to sign a second show cause order. She declined. On 23 October 1991, the State Bar wrote to Judge James U. Downs, the Senior Resident Superior Court Judge for the 30th Judicial District which includes Graham County, and requested that he enter the second order to show cause which the State Bar had prepared. On 28 October 1991, Judge Downs, while assigned to and present in Mecklenburg County, signed the order, which indicated on its face that it was issued for Graham County. On 28 October 1991, Judge Downs was not commissioned to sit in Graham County. The following day, Chief Justice Exum assigned Judge Downs to Graham County for the term beginning on 2 December 1991.

The 28 October 1991 show cause order commanded respondent to travel to Graham County on 2 December 1991 and show cause "why he should not be disciplined." At the 2 December hearing, Judge Downs recused himself, but ordered that the 28 October

1991 show cause order "remain in effect" and that respondent "continue to show cause" on 3 February 1992.

On 5 December 1991, the State Bar wrote to Judge Downs requesting that he sign a third show cause order (for 3 February 1992). On 7 December 1991, Judge Downs, while in Franklin, North Carolina, signed the third show cause order *nunc pro tunc* to 2 December 1991, and mailed it to the Clerk of Superior Court of Graham County from Macon County, with instructions that it should be filed. On 23 January 1992, respondent was served with the third order by the Sheriff of Buncombe County. On 3 February 1991, Judge Allen entered an order disbarring the respondent. From that order respondent appeals.

*A. Root Edmonson for plaintiff-appellee.*

*Mark T. Delk, respondent-appellant, pro se.*

WELLS, Judge.

Although respondent sets forth several assignments of error for our review, there is only one dispositive question before us: whether a disbarment order is valid where the judge who issued the show cause order had no assignment to the county where the ordered hearing was to be held. We hold it is not.

Our Court squarely addressed the question of a court's limited authority to issue an order in the absence of a commission in Delk I:

> [J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested.

*Delk*, 103 N.C. App. 659, 406 S.E.2d 601 (1991) (Emphasis added.) Our Court also held that where there was no commission by assignment at the time the order was entered, the court is without jurisdiction to enter the order.

The same jurisdictional flaws present in Delk I are also present in the *instant case*. Here, *Judge Downs issued an order to show*

IN RE DELK

[110 N.C. App. 310 (1993)]

cause on 28 October 1991 for and in Graham County Superior Court. At that time, Judge Downs was not assigned to Graham County but was in fact assigned to Mecklenburg County. He was not assigned to Graham County until 29 October 1991, and that commission did not empower him to act until 2 December 1991. Following our Court's mandate in Delk I, we find that because Judge Downs had no assignment for Graham County, he had no jurisdiction or authority to issue the show cause order on 28 October 1991, and that order is therefore a nullity.

Judge Downs could not correct the improper order by directing that the 28 October order "remain in effect" where that order was void, *ab initio*. Furthermore, Judge Downs' attempt on 7 December 1991 to issue a third show cause order for Graham County was also invalid because it was issued from another county.

> [I]t is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending.

*Shepard v. Leonard*, 223 N.C. 110, 25 S.E.2d 445 (1943) (Emphasis added.) *See also State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984).

Judge Downs signed the 7 December show cause order in another county without the consent of respondent. The superior court never obtained jurisdiction over respondent because it had no authority to issue the show cause order out of county. Because the show cause orders issued by Judge Downs were void, the order of disbarment entered pursuant to those orders is also void. *See Delk, supra.* Accordingly, we vacate the order by the superior court disbarring the respondent. We need not address respondent's additional assignments of error.

Vacated.

Judges GREENE and WYNN concur.