HOCKADAY v. LEE

[124 N.C. App. 425 (1996)]

———————————

BETH L. HOCKADAY, SHEPARD L. HOCKADAY, WILLIAM D. WOOD, SYLVIA L. WOOD, KENNETH M. LEE, AMELIA T. LEE, W. THEL JOHNSON, NELL W. JOHNSON, CHARLES B. THORNTON, JUAN D. SUAREZ, AND CONNIE SUAREZ, PLAINTIFFS v. EARL LEE AND DENNIS LEE, D/B/A LEE BROTHERS FARMS, DEFENDANTS

No. COA95-1379

(Filed 5 November 1996)

**1. Judgments § 38 (NCI4th)— taxing of costs by emergency superior court judge—order signed after adjournment**

An emergency superior court judge had jurisdiction to enter an order requiring plaintiffs to pay deposition expenses and expert witness fees as part of the costs of the underlying action where the judge made and announced his decision to tax plaintiffs with costs in open court and before adjournment, although the order taxing specific amounts was signed later. The judge's period of assignment extended from 8 May 1995 "until the business [of the court was] completed" and the business of the court was not completed in this case until the execution of the judgment and the setting of the costs. Also, the determination of the amount of the costs, made after the adjournment of the session, was merely an implementation of the decision rendered in session and thus relates within the meaning of N.C.G.S. § 1A-1, Rule 6 (c) to that decision. *Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, held that Rule 6(c) permits a judge to sign an order out of session so long as the hearing to which the order

relates was held in session. The Rule does not limit its applicability to regular judges and applies to all judges, including emergency judges.

**Am Jur 2d, Judgments § 81.**

**2. Costs § 10 (NCI4th)— costs of action—setting of amount— hearing waived**

A superior court judge did not err by denying plaintiffs' motion under N.C.G.S. § 1A-1, Rule 60 for relief from an order requiring them to pay certain costs of an action without a hearing where plaintiffs waived any right to a hearing. The failure of the plaintiffs to contact the judge to note their objections within the three week period between their receipt of notice of the motion (and a copy of the letter forwarding the motion to the judge specifically soliciting their input) and the judge's signing of the order under these circumstances implies that plaintiffs had no objections and did not seek a hearing on the matter.

**Am Jur 2d, Costs §§ 15, 94.**

Appeal by plaintiffs from order entered 11 July 1995 in Johnston County Superior Court by Judge Napoleon Barefoot. Heard in the Court of Appeals 12 September 1996.

*Morgan & Reeves, by Robert B. Morgan and Eric Reeves, for plaintiff-appellants.*

*Ward and Smith, P.A., by Kenneth R. Wooten, for defendant-appellees.*

GREENE, Judge.

Beth L. Hockaday, Shepard L. Hockaday, William D. Wood, Sylvia L. Wood, Kenneth M. Lee, Amelia T. Lee, W. Thel Johnson, Nell W. Johnson, Charles B. Thornton, Juan D. Suarez, and Connie Suarez (plaintiffs) appeal an order entered 11 July 1995 which denied their motion to set aside a previous order entered 19 June 1995 requiring them to pay Earl Lee and Dennis Lee, doing business as Lee Brothers Farms (defendants) deposition expenses and expert witness fees as part of the costs of the underlying action.

The Honorable D.M. McLelland (Judge McLelland), emergency superior court judge (retired), was commissioned to preside over a

HOCKADAY v. LEE

[124 N.C. App. 425 (1996)]

Special Session of Johnston County Superior Court, running from 8 May 1995 and continuing two weeks, "or until the business is completed." On 23 May, during the special session, after the jury returned a verdict for the defendants, Judge McLelland stated in open court that the "action . . . is hereby dismissed and . . . the plaintiffs [are ordered to] pay the costs." He then instructed the defendants' attorney to "prepare the necessary judgment." Finally, he noted in open court: "And I take it there's no objection to its [sic] being mailed to me?" Plaintiffs' attorney answered: "No." Judge McLelland then told the sheriff to announce "an adjournment, *sine die*, of this Court." On 23 May 1995, Judge McLelland signed a judgment dismissing the complaint and ordering that "the costs of this action [be] taxed against the [p]laintiffs."

On 26 May 1995, the defendants made a motion requesting that the order of costs include the deposition expenses and expert witness fees. A copy of this motion was served on plaintiffs' attorney by depositing it in the mail on 26 May 1995. This motion was also mailed to Judge McLelland at his home in Burlington along with a letter to him. The letter stated in pertinent part:

I have served a copy of this Motion on [p]laintiff's [sic] counsel along with a copy of the proposed Order so that you may receive their input before ruling on this Motion. If a hearing is required, [d]efendants would agree to a telephone hearing or, if necessary, to appearing in Johnston County.

On 19 June 1995, Judge McLelland signed an order taxing, "as part of the costs of this action," deposition expenses in the amount of $4,160.30 and expert witness fees in the amount of $4,500.00. On that same date, Judge McLelland mailed the signed order to defendants' attorney along with a letter stating in pertinent part: "As I have had no indication from [plaintiffs' attorney] that they desire to be heard in opposition to your motion [with regard to deposition expenses and expert witness fees], I have signed your proposed order." On 26 June 1995 the plaintiffs filed a motion requesting a hearing on the defendants' 26 May 1995 motion. The 19 June 1995 order was filed on 29 June 1995. On 30 June 1995, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, the plaintiffs filed a motion requesting that they be relieved from the 19 June 1995 order on the grounds that it was "null and void and of no legal effect because [Judge McLelland] had no jurisdiction to enter the order since it was signed out of term and without the consent of all the parties" and on the grounds that

they were entitled to and denied a hearing on the 26 May 1995 motion. Judge Napoleon Barefoot (Judge Barefoot) denied the plaintiffs' motion.

The dispositive issue is whether Judge McLelland had jurisdiction to sign the 19 June 1995 order.

[1] Plaintiffs first argue Judge McLelland, an emergency judge, did not have jurisdiction to execute the 19 June order because the motion on which it was based "was made after the expiration of the special trial session" to which he had been assigned. We disagree.

An emergency superior court judge has the same powers, "in open court and in chambers," "that regular judges holding the same courts would have." N.C.G.S. § 7A-48 (1995). These powers, however, exist only during the period of their assignment. *Id.* In this case, Judge McLelland's period of assignment extended from 8 May 1995 "until the business [of the court was] completed." The business of the court was not completed, in this case, until the execution of the judgment and the setting of the costs.

Even if Judge McLelland's special assignment had not extended "until the business [was] completed," he had authority under Rule 6(c) of our Rules of Civil Procedure to sign the judgment and determine the costs, after the jury rendered its verdict and the court was adjourned. Our Supreme Court has held that Rule 6(c) "permits a judge to sign an order out of . . . session . . . so long as the hearing to which the order relates was held in . . . [session]." *Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 159, 446 S.E.2d 289, 294-95, *reh'g denied*, 337 N.C. 807, 449 S.E.2d 566 (1994); N.C.G.S. § 1A-1, Rule 6(c) (1990). The Rule does not limit its applicability to regular judges and we read it as applying to all judges, including emergency judges. *See Strickland v. Kornegay*, 240 N.C. 758, 760, 83 S.E.2d 903, 904 (1954) (emergency judge has authority to sign judgment after termination of the session to which he had been assigned). In this case, Judge McLelland made and announced, in open court and before its adjournment, his decision to tax plaintiffs with the costs. The determination of the amount of those costs, made after the adjournment of the session, was merely an implementation of the decision rendered in session and thus "relates" (within the meaning of Rule 6(c)) to that decision. *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 679, 360 S.E.2d 772, 778-79 (1987). Judge McLelland thus had jurisdiction to enter the 19 June 1995 order.

[2] The plaintiffs also argue that, even if Judge McLelland had jurisdiction, the 19 June 1995 order nonetheless must be set aside because they were not given a hearing on the issue of the amount of the costs to be assessed.[1] We need not address that question because, even assuming a right to a hearing, *see* 20 C.J.S. *Costs* § 150, at 126 (1990) ("Generally, a party is entitled to be heard on the question as to costs."), on this record the plaintiffs waived any such right. *See Carrow v. Weston*, 247 N.C. 735, 737, 102 S.E.2d 134, 136 (1958) (any right waivable "unless forbidden by law or public policy"); 20 C.J.S. *Costs* § 156, at 131 (irregularities in taxation of costs may be waived). They received notice of the 26 May 1995 motion and a copy of the letter forwarding that motion to Judge McLelland. The letter specifically solicited the plaintiffs' "input" on the motion. It was not until some three weeks later that Judge McLelland signed the order, at which time he noted that he had not received any "indication" from the plaintiffs that they wished to be heard on the motion. The failure of the plaintiffs to contact Judge McLelland within the three week period to note their objections to the motion, under these circumstances, implies they had no objections and did not seek a hearing on the matter. *See* 28 Am Jur 2d *Estoppel and Waiver* § 160, at 846 (1966) (implied waiver arises where person pursues course of conduct "as to evidence an intention to waive a right"). Judge McLelland thus correctly proceeded with the execution of the order.

Accordingly, Judge Barefoot did not err in denying the plaintiffs' Rule 60 motion.

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.

---

1. The plaintiffs do not dispute that Judge McLelland had authority to determine the costs or that he abused his discretion in setting the amount of the costs. *See* N.C.G.S. § 6-20 (1986) (granting trial court discretion to award costs); N.C.G.S. § 7A-305 (1995) (listing expenses recoverable as costs in civil actions); N.C.G.S. § 7A-314 (setting out method for determining amount of witness fee); *Sealey v. Grine*, 115 N.C. App. 343, 347, 444 S.E.2d 632, 635 (1994) (permitting inclusion of deposition expenses as part of costs).