NO. COA13-1039

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

BRIAN KEESEE,
    Plaintiff,

v.                                          Brunswick County
                                            No. 09-CVS-3278
JOHN HAMILTON,
    Defendant.


Appeal by plaintiff from order entered 18 March 2013 by Judge W. Russell Duke, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 6 February 2014.


> *The Lea Schultz Law Firm, P.C., by James W. Lea, III, for plaintiff-appellant.*
>
> *Hodges & Coxe, P.C., by C. Wes Hodges, II and Jennifer J. Bennett, for defendant-appellee.*


DAVIS, Judge.


Brian Keesee ("Plaintiff") appeals from the trial court's order sanctioning him for his failure to respond to discovery requests and to comply with prior court orders. After careful review, we affirm.

**Factual Background**

Plaintiff and Kimberly Marie Keesee ("Mrs. Keesee") were married on 3 February 2003 and separated on 17 October 2009.[1]  At some point while Plaintiff and Mrs. Keesee were still married, John Hamilton ("Defendant") allegedly initiated an affair with Mrs. Keesee that ultimately resulted in the Keesees' separation.

On 24 November 2009, Plaintiff filed an action against Defendant in Brunswick County Superior Court stating claims for alienation of affection, criminal conversation, and intentional infliction of emotional distress.  On 24 February 2010, Defendant filed an answer denying the material allegations of the complaint and asserting counterclaims against Plaintiff for electronic eavesdropping, invasion of privacy, defamation, and defamation *per se.*

Defendant served his first set of interrogatories and request for documents on Plaintiff on 1 March 2010.  Plaintiff submitted his responses and objections on 11 May 2010.  Defendant filed a motion to compel on 4 June 2010 and an amended motion to compel on 14 September 2010.

Defendant's motion to compel was heard on 14 February 2011.  On 16 March 2011, the Honorable James F. Ammons, Jr. entered an

---

[1] This is the date of separation alleged by Plaintiff in his complaint.  Defendant's counterclaim lists the date of separation as 10 October 2010.

order ("the Discovery Order") providing, in pertinent part, as follows:

> 2. Within ten (10) days, Plaintiff is to provide to counsel for the Defendant full and complete responses to the following discovery requests:
>
>> a. Plaintiff shall produce or tender for inspection a complete response to Defendant's requests for production #4 and 5, which shall comprise copies of any and all audio, video, digital or other form of recording containing the communications or activities, or featuring in any way, the Defendant . . . and/or [Mrs. Keesee], as well as any and all transcripts, photographs, or other documents referencing or recounting the content of the above-described audio, video, or other recordings;
>>
>> c. [sic] Plaintiff shall produce or tender for inspection a complete response to Defendant's request for production number 11, which shall comprise copies of any and all documents, including but not limited to statements, invoices, quotes, written or electronic correspondence, brochures, photographs, reports or other information from a private investigator or any individual with whom Plaintiff consulted regarding the monitoring and recording of the activities of [Defendant] and/or [Mrs. Keesee.]

Plaintiff filed a notice of appeal as to the Discovery Order and a motion for a stay on 15 April 2011. On 20 December

2012, Defendant filed a motion to dismiss Plaintiff's appeal of the Discovery Order based on his failure to timely prosecute the appeal. Plaintiff's appeal was dismissed by the Honorable Reuben F. Young by order entered 11 January 2013.

Defendant also filed a motion to show cause, asking the trial court to hold Plaintiff in contempt for his failure to comply with the Discovery Order. On 4 March 2013, Defendant's show cause motion came on for hearing before the Honorable W. Russell Duke, Jr. During Plaintiff's testimony at the show cause hearing, he admitted that he was in possession of audio recordings, videotapes, and written reports from a private investigator — all of which were encompassed within the Discovery Order but had not been provided by him. He testified that he did not know where these materials were specifically located but conceded that he had failed to make any efforts to comply with the Discovery Order — which had been in effect for almost two years at the time of Plaintiff's testimony — by attempting to locate them.

On 8 March 2013, the trial court entered an order ("the Contempt Order") finding Plaintiff in willful civil contempt and remanded him to the custody of the Brunswick County Sheriff's

Office.    In the Contempt Order, the trial court made the following relevant findings of fact:

> 4.    The Plaintiff has failed to abide by and to obey the Discovery Order issued by this Superior Court.
>
> 5.    The Plaintiff appeared before this Court and failed to show cause as to why he should not be held in civil contempt of the Discovery Order.
>
> 6.    The Plaintiff has the materials ordered to be produced in his possession, custody or control.
>
> 7.    The Plaintiff has made no demonstrable efforts to gather and produce the recordings and other documents, materials and information subject to the Discovery Order and has not sought to obtain any help to download electronically stored information or recordings.
>
> 8.    The Plaintiff has failed and refused to produce the materials subject to the Discovery Order.

Based on these findings of fact, the trial court ordered, in pertinent part, as follows:

> 4.    Prior to his release from custody, and as a condition of purging his contempt, the Plaintiff is ordered to fully and completely produce the following:
>
>> a.    Plaintiff shall produce or tender for inspection a complete response to Defendant's requests for production #4 and 5, which shall comprise copies of any and all audio, video, digital or other form of recording containing the

communications or activities, or featuring in any way, the Defendant . . . and/or [Mrs. Keesee], as well as any and all transcripts, photographs, or other documents referencing or recounting the content of the above-described audio, video, digital or other recordings;

b. Plaintiff shall produce or tender for inspection a complete response to Defendant's request for production number 11, which shall comprise copies of any and all documents, including but not limited to statements, invoices, quotes, written or electronic correspondence, brochures, photographs, reports of other information from a private investigator or any individual with whom Plaintiff consulted regarding the monitoring and recording of the activities and communications of [Defendant] and/or [Mrs. Keesee.]

5. The Plaintiff is ordered to pay to the Defendant the additional sum of $1,928.50, for the reasonable attorney's fees incurred by the Defendant in prosecuting the Defendant's Motion to show cause . . . prior to the Plaintiff's release from custody as an additional condition of purging his contempt; and

6. The Court retains jurisdiction over the parties and the subject matter of this action to enforce compliance with this order.

After the entry of the Contempt Order, counsel for Plaintiff began tendering certain documents to Defendant's counsel in an effort to purge Plaintiff of civil contempt.

Defendant's counsel prepared a detailed list of the deficiencies in Plaintiff's responses and provided a copy to both Plaintiff's counsel and the trial court. Around this same time, it became apparent that a number of assertions previously made by Plaintiff in his testimony at the show cause hearing had been false. Records tendered from the private investigative firm hired by Plaintiff and affidavits from eyewitnesses were noted to directly conflict with Plaintiff's prior testimony in several respects.

First, Plaintiff, while admitting to having purchased surveillance equipment via the Internet, had denied placing a GPS tracking device on Defendant's vehicle. However, records from Plaintiff's private investigator showed that such a device had, in fact, been placed on Defendant's vehicle.

Second, Plaintiff had denied that he ever made written transcripts of audio recordings of Defendant and Mrs. Keesee. However, counsel for Plaintiff began producing such transcripts within 48 hours of the show cause hearing at which Plaintiff testified that they did not exist.

Third, when asked if he had ever brought any recordings or transcripts from his surveillance of Defendant and Mrs. Keesee with him to prior court proceedings, Plaintiff had denied ever

doing so. However, several witnesses submitted affidavits stating that they had witnessed Plaintiff with such materials while in court.

On 8 March 2013 and again on 12 March 2013, Judge Duke presided over telephonic hearings arranged by Plaintiff's counsel in connection with Plaintiff's request that the trial court release him from jail so that he could assist in the efforts to bring himself into compliance with the Contempt Order. During these hearings, counsel for Defendant requested that the trial court sanction Plaintiff pursuant to Rule 37 of the North Carolina Rules of Civil Procedure for his continuing failure to provide adequate discovery responses and his failure to comply with prior court orders requiring him to produce responsive documents as a condition of purging his contempt.

The trial court denied Plaintiff's request for relief and entered an order ("the Sanctions Order") on 18 March 2013 sanctioning Plaintiff by dismissing his complaint with prejudice and entering a default judgment in favor of Defendant on his counterclaims. Plaintiff gave timely notice of appeal to this Court.

**Analysis**

**I. Interlocutory Appeal**

We first note that the Sanctions Order left unresolved the question of Defendant's entitlement to monetary damages on his counterclaims. Therefore, the order is interlocutory. *See Duncan v. Duncan*, 102 N.C. App. 107, 111, 401 S.E.2d 398, 400 (1991) (holding that appeal of default judgment ordering subsequent hearing on damages was interlocutory).

An interlocutory order may be appealed, however, if the order implicates a substantial right of the appellant that would be lost if the order was not reviewed prior to the issuance of a final judgment. *Guilford Cty. ex rel. Gardner v. Davis*, 123 N.C. App. 527, 529, 473 S.E.2d 640, 641 (1996). This Court has previously held that "where a party is found in contempt for noncompliance with a discovery order or has been assessed with certain other sanctions, the order is immediately appealable since it affects a substantial right under [N.C. Gen. Stat. §] 1-277 . . . ." *Cochran v. Cochran*, 93 N.C. App. 574, 576, 378 S.E.2d 580, 581 (1989). As such, we have jurisdiction over Plaintiff's appeal.

## II. Subject Matter Jurisdiction of Trial Court Over Telephonic Hearings

Plaintiff's first argument on appeal is that the trial court lacked subject matter jurisdiction to preside over the

telephonic hearings that took place on 8 March and 12 March 2013 and to enter the subsequent Sanctions Order. We disagree.

We review questions of subject matter jurisdiction *de novo*. *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). "Pursuant to the *de novo* standard of review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Trivette v. Yount*, 217 N.C. App. 477, 482, 720 S.E.2d 732, 735 (2011) (citation, quotation marks, and brackets omitted), *aff'd in part, rev'd in part on other grounds, and remanded*, 366 N.C. 303, 735 S.E.2d 306 (2012).

Judge Duke was commissioned to preside over a special session of Brunswick County Superior Court at the time Defendant's motion to show cause was heard on 4 March 2013. The parties do not dispute that, by its terms, his commission was to last for one day or "until the business is completed." Four days after the 4 March 2013 hearing, Judge Duke entered the Contempt Order, concluding as a matter of law that "[t]he Court has jurisdiction of the subject matter of this action and over the person of the Plaintiff" and that "[t]he Court retains jurisdiction over the parties and the subject matter of this action to enforce compliance with this order."

Plaintiff argues that although Judge Duke possessed jurisdiction to enter the Contempt Order, he lacked jurisdiction to take any action thereafter. Plaintiff contends that once Judge Duke entered the Contempt Order, there was no further "business" left for him to conduct, and that, as such, the limited jurisdiction conferred upon him by his commission had ended.

In rejecting Plaintiff's argument, we find instructive our decision in *Hockaday v. Lee*, 124 N.C. App. 425, 477 S.E.2d 82 (1996). In *Hockaday*, this Court held that a superior court judge commissioned to preside over a special session of superior court set to last for two weeks or "until the business of the court was completed" possessed jurisdiction to enter an order taxing costs and fees outside of the two-week period because the business of the court was not completed until the execution of the judgment and the settling of the costs. *Id*. at 428, 477 S.E.2d at 84 (quotation marks and brackets omitted).

Similarly, in the present case, Judge Duke's commission granted him authority to preside over a special session of Brunswick County Superior Court for one day "or until the business [was] completed." Judge Duke's jurisdiction did not expire simply by virtue of him entering the Contempt Order

because enforcement issues related to that order could — and, in fact, did — arise, leaving the business of that session of court unfinished.

The present case is distinguishable from *In re Delk*, 103 N.C. App. 659, 406 S.E.2d 601 (1991), which Plaintiff cites in support of his jurisdictional argument. In *Delk*, we held that an out-of-district judge assigned to preside over a special session of superior court did not have jurisdiction to enter a show cause order. *Id.* at 661, 406 S.E.2d at 602. However, the trial judge in *Delk* entered the show cause order *prior* to the commencement of the special session. *Id.* Here, conversely, the telephonic hearings and Sanctions Order took place *after* the special session had begun and while the business of the court was not yet finished.

Thus, Judge Duke had jurisdiction to preside over the telephonic hearings and to subsequently enter the Sanctions Order based upon his continuing jurisdiction to ensure compliance with the Contempt Order. Accordingly, Plaintiff's argument on this issue is overruled.

**III. Sanctions Order**

Plaintiff's final argument is that the Sanctions Order contains erroneous findings and must therefore be vacated. We disagree.

Rule 37 authorizes a trial court to impose sanctions, including the entry of a default judgment, against a party who fails to comply with a discovery order. N.C.R. Civ. P. 37(b)(2),(d). "Sanctions [imposed] under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion." *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.*; *see In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 246, 618 S.E.2d 819, 826 (2005) (holding that trial court's decision to impose sanctions may only be overturned "if there is no record which indicates that [a] defendant acted improperly, or if the law will not support the conclusion that a discovery violation has occurred"), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006).

Although a trial court must consider lesser sanctions prior to dismissing an action with prejudice for failure to comply

with discovery, it is not required to expressly list and reject each lesser sanction that it considered in its order. *Badillo v. Cunningham*, 177 N.C. App. 732, 735, 629 S.E.2d 909, 911, *aff'd per curiam*, 361 N.C. 112, 637 S.E.2d 538 (2006). Here, in Finding of Fact 12 of the Sanctions Order, Judge Duke stated that he had considered lesser sanctions before deciding to impose the sanctions contained therein.

Plaintiff argues that the trial court abused its discretion by finding in the Sanctions Order that Plaintiff was in *continuing* civil contempt at the time of the show cause hearing. Specifically, he points to a provision in the Sanctions Order stating that the trial court made its findings of facts after

> having reviewed the file in this matter, having presided over the hearing on Defendant's Motion to Show Cause in which the Plaintiff was found to be in *continuing civil contempt* for failure to make discovery, having presided over a telephonic hearing on March 8, 2013, having presided over a telephonic hearing on March 12, 2013, and having otherwise heard arguments of counsel for both parties and being fully advised in this matter[.]

(Emphasis added.) Plaintiff claims he could not have been in continuing civil contempt at the time of the show cause hearing because the Contempt Order had not yet been issued. Plaintiff argues that this mischaracterization may have influenced the

trial court's decision to impose more stringent sanctions against him.

Pursuant to N.C. Gen. Stat. § 5A-21, failure to comply with a court order constitutes continuing civil contempt as long as

>    (1) The order remains in force;
>
>    (2) The purpose of the order may still be served by compliance with the order;
>
>    (2a) The noncompliance by the person to whom the order is directed is willful; and
>
>    (3)   The person to whom the order is directed is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2013).

At the hearing on Defendant's motion to show cause and as memorialized in the ensuing Contempt Order, the trial court made the requisite findings necessary to hold Plaintiff in continuing civil contempt. Specifically, the trial court found, in pertinent part, as follows:

>    4.    The Plaintiff has failed to abide by and to obey the Discovery Order issued by this Superior Court.
>
>    5.    The Plaintiff appeared before this Court and failed to show cause as to why he should not be held in civil contempt of the Discovery Order.

6.     The Plaintiff has the materials ordered to be produced in his possession, custody or control.

7.     The Plaintiff has made no demonstrable efforts to gather and produce the recordings and other documents, materials and information subject to the Discovery Order and has not sought to obtain any help to download electronically stored information or recordings.

8.     The Plaintiff has failed and refused to produce the materials subject to the Discovery Order.

9.     The Discovery Order remains in force.

10.   The purpose of the Discovery Order may still be served by compliance with the same.

11.   The Plaintiff's noncompliance with the performance obligations of the Discovery Order is willful.

12.   The Plaintiff is able to comply with the performance obligations of the Discovery Order or is able to take reasonable measures that would enable him to comply with the performance obligations of the Discovery Order.

Thus, the trial court did not err by using the phrase "continuing civil contempt" when it entered the Sanctions Order. However, even assuming *arguendo* that the trial court's use of the phrase was inaccurate, Plaintiff has failed to offer any persuasive argument as to why any such error would require that the Sanctions Order be vacated as an abuse of the trial court's

discretion — given the abundant evidence supporting the court's decision to impose sanctions on Plaintiff.

Finally, Plaintiff alleges that Finding of Fact 6 of the Sanctions Order constitutes an erroneous finding upon which the trial court relied in determining the sanctions to be imposed. Specifically, Plaintiff refers to the fact that Finding of Fact 6 mistakenly states that Plaintiff testified at a hearing on *6* March 2013 that he had not made written transcripts of the audio recordings of Defendant and Mrs. Keesee when, in actuality, this testimony took place at a hearing held on *4* March 2013. Plaintiff argues that the trial court's use of the incorrect hearing date in the Sanctions Order rose to the level of prejudicial error because it "contributed to Judge Duke's ultimate decision to impose the harshest sanctions possible."

Nothing in the Sanctions Order, however, supports a conclusion that Judge Duke considered the precise date on which Plaintiff gave this testimony to be relevant in his decision-making process regarding the imposition of sanctions. Rather, as the Sanctions Order makes clear, the imposition of the sanctions at issue was based on the fact that Plaintiff engaged in conduct such as producing transcripts that he had previously testified did not exist. Given the wealth of evidence to

support the entry of the Sanctions Order, we conclude that any clerical error as to the date of the hearing was not material to the trial court's decision to impose sanctions and, therefore, any such error was harmless.

## Conclusion

For the reasons stated above, we affirm.

AFFIRMED.

Judges CALABRIA and STROUD concur.