BRYANT, Judge.
*262 Our Courts may use neutral principles of law to resolve disputes concerning whether a church followed its bylaws. Our Courts must *263 defer to the internal governing body of a church with regard to disputes over the use of church funds.
Plaintiffs Sarah B. Davis, Norman Goode, Jr., Gloria H. Cole, Mattie Miller, Oscar Buchanan, and Beverly Buchanan (hereafter "plaintiffs") are members of New Zion Baptist Church. Defendant Henry Williams, Jr., was elected pastor of New Zion Baptist Church in 2004.
On 20 December 2013, plaintiffs filed a verified complaint against Williams and New Zion Baptist Church (hereafter "defendants") alleging that Williams had violated the church's bylaws regarding voting, refused plaintiffs' requests to review church accounting records, wrongfully converted church funds for personal use, and embezzled from the church. Plaintiffs sought a declaratory judgment finding that defendants' voting process to amend New Zion Baptist Church's bylaws was improper. Plaintiffs also sought an accounting of church records and attorney's fees. Plaintiffs further brought claims against Williams for conversion and embezzlement/obtaining property by false pretenses.
Defendants filed a Rule 12(b)(1) motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction on 24 February 2014. A hearing on defendants' motion was held on 27 May 2014, the Honorable Nathaniel J. Poovey, Judge presiding. By order entered 24 June 2014, the trial court denied defendants' motion to dismiss. Defendants appeal.
__________
In their sole issue on appeal, defendants contend the trial court erred in denying defendants' motion to dismiss. We disagree in part.
We note at the outset that defendants' appeal is interlocutory in nature. See In re Will of McFayden, 179 N.C.App. 595, 599-600, 635 S.E.2d 65, 68 (2006) ("[T]he denial of a motion to dismiss pursuant to Rule 12(b)(1) is interlocutory[.]" (citations omitted)). "[A]ppellate review of an interlocutory order is permissible if ... the order implicates a substantial right of the appellant that would be lost if the order was not reviewed prior to the issuance of a final judgment." John Doe 200 v. Diocese of Raleigh, --- N.C.App. ----, ----, 776 S.E.2d 29, 33, 2015 WL 4081974 (2015) (citing Keesee v. Hamilton, --- N.C.App. ----, ----, 762 S.E.2d 246, 249 (2014) ). Where, as here, the trial court's denial of a Rule 12(b)(1) motion to dismiss could result in the trial court becoming entangled in ecclesiastical matters, such an interlocutory order is immediately appealable. See *892 Harris v. Matthews, 361 N.C. 265, 270-71, 643 S.E.2d 566, 569-70 (2007) (holding that where "a civil court action cannot proceed [against a church defendant] without impermissibly entangling the *264 court in ecclesiastical matters[,]" such entanglement makes the underlying interlocutory order immediately appealable because such entanglement would affect the church defendant's First Amendment rights, and "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (citations and quotation omitted)). Accordingly, we proceed to address the merits of defendants' appeal.
This Court reviews " Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo and may consider matters outside the pleadings." Id. at 271, 643 S.E.2d at 570 (citations omitted).
Defendants argue that the trial court erred in denying their motion to dismiss. Specifically, defendants contend the trial court lacked jurisdiction to review New Zion Baptist Church's bylaws, management, or use of funds.
The First Amendment of the United States Constitution prohibits a civil court from becoming entangled in ecclesiastical matters. However, not every dispute involving church property implicates ecclesiastical matters. Thus, while circumscribing a court's authority to resolve internal church disputes, the First Amendment does not provide religious organizations absolute immunity from civil liability.
Johnson v. Antioch United Holy Church, Inc., 214 N.C.App. 507, 510-11, 714 S.E.2d 806, 810 (2011) (citations and parentheticals omitted). As such, our Courts may resolve disputes through "neutral principles of law, developed for use in all property disputes." Id. at 511, 714 S.E.2d at 810 ; see also Tubiolo v. Abundant Life Church, Inc., 167 N.C.App. 324, 329, 605 S.E.2d 161, 164 (2004) (citation omitted) (holding that courts can adjudicate property disputes as well as exercise jurisdiction over the narrow issue of whether bylaws of a church were properly adopted). "The dispositive question is whether resolution of the legal claim requires the court to interpret or weigh church doctrine." Smith v. Privette, 128 N.C.App. 490, 494, 495 S.E.2d 395, 398 (1998) (citation omitted).
Plaintiffs, in their complaint, allege that defendants violated New Zion Baptist Church bylaws in conducting a vote regarding proposed amendments to the bylaws. This Court has held that such an allegation may be resolved by our courts through neutral principles of law. See Johnson, 214 N.C.App. at 511, 714 S.E.2d at 810 ("Whether Defendants' actions were authorized by the bylaws of the church in no way implicates an impermissible analysis by the court based on religious doctrine *265 or practice."). Indeed, it is well-established that "[w]hen a party brings a proper complaint, [w]here civil, contract[,] or property rights are involved, the courts will inquire as to whether the church tribunal acted within the scope of its authority and observed its own organic forms and rules." Harris, 361 N.C. at 274-75, 643 S.E.2d at 572 (citations and quotation omitted). As plaintiffs' complaint challenges whether defendants "acted within the scope of [their] authority and observed [New Zion Baptist Church's] own organic forms and rules [,]" defendants' motion to dismiss as to plaintiffs' claim regarding defendants' violation of New Zion Baptist Church bylaws was properly denied. Id.
Plaintiffs also brought claims against Williams for conversion and embezzlement/obtaining property by false pretenses. In their complaint, plaintiffs alleged that "Pastor Williams wrongfully and impermissibly converted to his own use, enjoyment and control substantial funds belonging to Plaintiffs and New Zion [Baptist Church]." Plaintiffs contend that as a result of Williams' acts of conversion and embezzlement, plaintiffs are entitled to actual, consequential, and punitive damages, as well as attorneys' fees. However, our Supreme Court has held in Harris that such claims are not reviewable under neutral principles of law:
Plaintiffs do not ask the court to determine who constitutes the governing body of Saint Luke or whom that body has authorized to expend church resources. Rather, plaintiffs argue Saint Luke is entitled *893 to recover damages from defendants because they breached their fiduciary duties by improperly using church funds, which constitutes conversion. Determining whether actions, including expenditures, by a church's pastor, secretary, and chairman of the Board of Trustees were proper requires an examination of the church's view of the role of the pastor, staff, and church leaders, their authority and compensation, and church management. Because a church's religious doctrine and practice affect its understanding of each of these concepts, seeking a court's review of the matters presented here is no different than asking a court to determine whether a particular church's grounds for membership are spiritually or doctrinally correct or whether a church's charitable pursuits accord with the congregation's beliefs. None of these issues can be addressed using neutral principles of law.
Here, for example, in order to address plaintiffs' claims, the trial court would be required to interpose its *266 judgment as to both the proper role of these church officials and whether each expenditure was proper in light of Saint Luke's religious doctrine and practice, to the exclusion of the judgment of the church's duly constituted leadership. This is precisely the type of ecclesiastical inquiry courts are forbidden to make.
See id. at 273, 643 S.E.2d at 571 (citations omitted). Although plaintiffs' allegations in the instant case that Williams has wrongfully converted and embezzled funds from New Zion Baptist Church are indeed troubling, in light of Harris, such claims are not properly reviewable before our Courts; rather, "the Constitution requires courts to defer to the church's internal governing body with regard to ecclesiastical decisions concerning church management and use of funds." Id. at 274, 643 S.E.2d at 572. We, therefore, reverse and remand the order of the trial court for entry of dismissal as to plaintiffs' claims against Williams for conversion and embezzlement/obtaining property by false pretenses.
Accordingly, we affirm the ruling of the trial court as to the denial of defendants' motion to dismiss plaintiffs' claim regarding defendants' violation of New Zion Baptist Church bylaws. We reverse and remand the ruling of the trial court as to the denial of defendants' motion to dismiss plaintiffs' claims against Williams for conversion and embezzlement/obtaining property by false pretenses.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
Judges INMAN and DAVIS concur.